MEMORANDUM***
Ruth Manzo appeals from the district court’s grant of summary judgment to her employer, Laborers International Union of North America, Local 872 (Local 872), in this Title VII action on her claims of hostile work environment[1] and retaliation. We affirm.
Manzo has failed to raise a triable issue of fact as to whether Vaughn’s conduct was “sufficiently severe or pervasive to alter the conditions of the victim’s employment and create an abusive working environment.” Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1055 (9th Cir.2007) (internal quotation marks omitted). Viewing the evidence in the record in the light most favorable to Manzo, she has only adduced facts demonstrating that Vaughn made proposals of marriage, which on all but one instance she did not take seriously and understood to be a joke, and that Vaughn made one crude sexual remark about a co-worker (whom Manzo later dated and wed) at an office party.[2] As the district court concluded, such conduct was not severe or persistent enough for a reasonable woman in Manzo’s position to consider the terms and conditions of her employment to be altered. See, e.g., Vasquez v. County of Los Angeles, 349 F.3d 634, 642-44 (9th Cir.2003); Kortan v. Cal. Youth Auth., 217 F.3d 1104, 1110-11 (9th Cir.2000).
Likewise, Manzo has failed to establish a prima facie case for retaliation because she did not engage in protected activity prior to her termination. The only evidence of alleged protected activity that Manzo referenced before the district court was of her complaints to Local 872 executives expressing her fear at Vaughn’s “scary” behavior — his cursing and banging at his desk and having a messy office. These were not claims of discrimination or sexual harassment, and Manzo admitted *269 that she did not say she was being sexually harassed by Vaughn. Because her comments did not “refer[ ] to some practice by the employer that [was] allegedly unlawful,” she did not engage in protected activity. See EEOC v. Crown Zellerbach Corp., 720 F.2d 1008, 1013 (9th Cir.1983). Moreover, even if the comments had been protected activity, Manzo has not pointed to any evidence that would constitute a “showing sufficient for a reasonable trier of fact to infer that [Vaughn or Tommy White] w[ere] aware that [Manzo] had engaged in protected activity” before firing Manzo, as necessary to demonstrate causation. Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1197 (9th Cir.2003). Finally, while Manzo vaguely alludes to the timing of the alleged protected action and retaliatory employment decision, she makes no demonstration of reasonable inferences as to timing, either. Cf. Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir.1987) (finding circumstantial evidence of causation where plaintiff presented evidence of employer’s knowledge of protected activity and proximity in time). Accordingly, there is no basis to consider whether Local 872 has demonstrated a legitimate reason for Manzo’s termination, or whether Manzo has demonstrated that the reason was pretextual.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. The district court treated Manzo’s first cause of action in her complaint as a hostile work environment claim and Manzo has not challenged this determination on appeal.

. Manzo did not point to Vaughn's cursing and banging at his desk and having a messy office in September 2004 as examples of sexually harassing conduct in her response to Local 872's summary judgment motion before the district court. Accordingly, the district court had no independent obligation to consider this evidence. Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir.2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.”) In any event, Manzo has not demonstrated how this conduct was "of a sexual nature," Craig, 496 F.3d at 1054-55, or motivated by "a general hostility to the presence of women in the workplace," Kortan v. California Youth Authority, 217 F.3d 1104, 1110 (9th Cir.2000) (internal quotation marks omitted).